IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STANLEY ISAAC NELSON                                                    PETITIONER

vs.                    Civil Case No. 4:06CV001014 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                       RESPONDENT

ORDER

Stanley Isaac Nelson petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and by Memorandum and Order entered on March 14, 2008, this court dismissed the petition and denied relief. The court found the period of time Petitioner's Rule 37 was pending in state court did not toll the limitations period for federal habeas petitions under 28 U.S.C. § 2244(d)(2), because the Arkansas Supreme Court dismissed the petition on the ground it was not verified by Petitioner, and therefore it was not "properly filed," as required by the statute.  Since the statute was not tolled for this period, the court concluded the federal habeas petition was untimely.

Now before the court are Petitioner's Application for a Certificate of Appealability (COA) (DE # 38) and his Motion for Relief From Judgment Pursuant to Fed.R.Civ.P.60(b) (DE # 40).  In his Rule 60(b)motion, Petitioner states he is seeking relief under Rule 60(b)(1), based on "mistake, inadvertence, surprise or excusable neglect," and under 60(b)(6), the "catch-all" provision

providing relief if there exists "any other reason justifying relief from the operation of the judgment."

I.

The court will first address the Rule 60(b) motion. On December 4, 2006, Petitioner filed a motion for extension of time to reply to Respondent's supplemental response to the petition (DE #23) and a motion for reconsideration of the court's order denying counsel (DE #24).[1]  Petitioner contends he raised the issue of equitable tolling in these motions, where he stated his "case involves two complex procedural issues concerning the interplay between <u>Artuz v. Bennett</u>, the 'adequate state grounds' doctrine, and the equitable tolling doctrine....  If [the petitioner is not entitled to statutory tolling], is the petitioner entitled to equitable tolling...?"  He argues the court did not address the equitable tolling issue in its Memorandum and Order dismissing the petition.  The court finds that, under <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), this narrow argument does not present a new "claim" that would constitute a successive petition under 28 U.S.C. § 2244(b), and the court will consider it.  Any other issue or argument that

---

[1] In an Order entered on December 5, 2006, the court granted the motions and stated that counsel would be appointed to represent Petitioner.  On May 2, 2007, the court entered an Order stating it had reconsidered the matter and determined counsel was not necessary.

was not raised in the habeas petition must be pursued through a successive petition, and Petitioner must seek permission to do so from the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b).

In reaching its conclusion that Petitioner's Rule 37 petition did not toll the running of the limitations period, the court considered Walker v. Norris, 436 F.3d 1026, 1031 (8th Cir. 2006), in which the Eighth Circuit held that a petition that did not satisfy a state's verification requirements, and was dismissed by the state court on that basis, was not properly filed under 2244(b)(2).  The Walker court further held that, because the Arkansas Supreme Court had found the unverified Rule 37 petition was invalid, "that is the end of the matter for purposes of statutory tolling under § 2244(d)(2)."  Id. at 1032, quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).  The court also rejected Walker's arguments that statutory tolling was warranted because the verification requirement: (1) was not firmly established at the time he filed his Rule 37 petition; (2) had not been followed regularly or applied consistently; (3) did not provide guidance as to what constitutes a properly verified petition; and (4) did not provide reasonable notice that notarization of the petition was jurisdictionally required.  See Walker, 436 F.3d at 1031-32.

The court also considered Haliburton v. Norris, 2007 WL 2343872 (E.D.Ark. August 13, 2007), where the District Court found Arkansas'

verification rule was an adequate and independent state procedural bar in the traditional sense of procedural default, noting that the Arkansas Supreme Court has long held that the language of Rule 37.1 "means that a motion for post-conviction relief must be verified by a petitioner as a prerequisite for jurisdiction, 'a requirement of substantive importance to prevent perjury.'" Id.  The Haliburton court also noted the Arkansas Supreme Court had applied this holding to the situation in which a petition was signed by counsel rather than the petitioner (the same situation as in the present case) in Boyle v. State, 362 Ark. 248, 250-51 (2005) ( per curiam ), and that later in Ratchford v. State, 2006 WL 1032377 (Ark.2006) (unpublished per curiam), the Arkansas Supreme Court explained that the holding in Boyle "merely confirmed a position already announced by this court that has long been the rule of law in this state." Haliburton, 2007 WL 2343872 at *4.

    After considering all of these cases, this court was convinced Petitioner was not entitled to statutory tolling because the verification rule was firmly established and regularly followed at the time he filed his petition.  The court reached a similar conclusion in proposed findings in Washington v. Norris, No. 5:06CV00274, which were adopted by the District Court on October 2, 2007, 2007 WL 2904123 (E.D.Ark. October 02, 2007).  The Eighth Circuit denied Washington's application for a certificate of

appealability.  Washington v. Norris, No. 07-3737 (8th Cir. Jan. 03, 2008).

II.

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418. "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

Id. at 618-19 (citations omitted). C.f Alvarez-Machain v. U.S., 107 F.3d 696, 701 (9th Cir. 1996), cert. denied, 522 U.S. 814 (1997)(Equitable tolling appropriate where Federal Tort Claims Act plaintiff had been incarcerated for over two years in a foreign country, in complex case in which his life was at stake).

When this court directed Respondent to brief the question of whether the Boyle rule was firmly established and regularly followed at the time Petitioner's Rule 37 was dismissed, it was seeking argument on the statutory tolling issue as the Walker court

5

addressed it, not on equitable tolling, as the Respondent suggested in his brief (DE # 21).  Although Petitioner mentioned equitable tolling in his motions, he offered no support for such a claim and the court simply did not consider it as having been properly raised. See Spillars v. Lockhart, 802 F.2d 1007, 1009 (8th Cir. 1986)(quoting Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985)).  None of Petitioner's arguments here convince the court that this conclusion was erroneous.

Even if it were properly raised, Petitioner would not be entitled to its benefit.  His argument in his post-judgment motion and reply, is that he did not have notice of the verification rule,[2] and the Boyle decision is tantamount to the "abrogation of an en banc precedent" and therefore it is an extraordinary circumstance that entitles him to equitable tolling.  This language comes from Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008), in which the court abrogated part of its ruling in Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999), regarding the calculation of the date a conviction was final for purposes of determining a triggering date under § 2244(d)(1)(A).  Because Nichols had been controlling precedent for Missouri inmates for several years, the Eighth Circuit found its decision to abrogate part of it, which caused Riddle's petition to be untimely because it affected his triggering date, was

---

[2]  Much of Petitioner's equitable tolling argument is intertwined with the argument that the Boyle rule was not firmly established and regularly followed.

an extraordinary circumstance that invoked the equitable tolling doctrine.

Petitioner's argument is foreclosed by the Arkansas Supreme Court's finding in Ratchford that Boyle "merely confirmed a position already announced by this court that has long been the rule of law in this state." This finding is quite opposite from the Eighth Circuit's recognition in Riddle that it had abrogated controlling precedent. In order to find for Petitioner, this court would have to disregard the Arkansas Supreme Court's interpretation and application of its own procedural rule. Petitioner's arguments do not provide a basis for such a finding. The application of the state's verification rule in Petitioner's case is not an extraordinary circumstance that entitles him to equitable tolling. Accord, Miles v. Norris, No. 4:06CV00862, 2008 WL 2039439 (E.D. Ark. May 9, 2008)(finding Arkansas' verification rule in effect when Miles filed Rule 37 petition in December of 2002 and petitioner not entitled to equitable tolling).

### III.

Under 28 U.S.C. § 2253(c), in order to obtain a COA, a habeas petitioner must make "a substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000).

When a district court dismisses a petition on procedural grounds, without addressing the merits of the constitutional claim, a COA

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable the district court was correct in its procedural ruling.

Id. at 478.  A petitioner must make both showings to obtain an appeal, and the court may address the procedural question before the constitutional one.  Id.  Petitioner has simply not carried his burden.  I find Petitioner's arguments of statutory tolling and equitable tolling in this case are not debatable among jurists of reason.  Accordingly, the court concludes Petitioner's motion for a certificate of appealability should be and hereby is denied.

IT IS THEREFORE ORDERED that Petitioner's Motion for Relief From Judgment (DE # 40) be, and it is hereby, denied.

IT IS FURTHER ORDERED that Petitioner's Request for a Certificate of Appealability (DE # 38) be, and it is hereby, denied.

SO ORDERED this 4th day of August, 2008.

                                        */s/ Henry L. Jones, Jr.*
                                       United States Magistrate Judge